# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 5521 | **DATE** | August 9, 2012 |
| **CASE TITLE** | Reedom vs. Crappell et al | | |

**DOCKET ENTRY TEXT**

The Court requires additional information from Reedom before it can rule on his motion (Doc [3]) to proceed in forma pauperis. In particular, Reedom has not indicated the value of his home, the value of his automobile, the amount that he receives in social security income, the dates of his last employment, and his last monthly salary. Additionally, the Court orders Reedom to provide a sworn statement detailing his monthly expenses and the sources from which he derives the funds to pay such expenses. Upon receipt of this information, the Court will assess Reedom's ability to pay the costs of commencing this action. Failure to provide this information within forty-five (45) days of the date of this Order, or to pay the $350 filing fee, will result in the dismissal of this case. In addition, the Court will allow him to file an amended complaint addressing the Court's concerns within forty-five (45) days of the date of this Order. Failure to do so will result in dismissal of the lawsuit.

■[ For further details see text below.]    Docketing to mail notices.

## ORDER

This matter comes before the Court on Plaintiff Marshal Reedom, Jr.'s ("Reedom") motion for leave to proceed *in forma pauperis*, without prepayment of fees. A litigant may proceed *in forma pauperis* if he is unable to pay the costs of commencing the action. 28 U.S.C. § 1915(a). According to Reedom's financial affidavit, he is retired, owns a home and automobile, receives social security income, and does not maintain more than $200 in a bank account.

The Court requires additional information from Reedom before it can rule on his motion. In particular, Reedom has not indicated the value of his home, the value of his automobile, the amount that he receives in social security income, the dates of his last employment, and his last monthly salary. Additionally, the Court orders Reedom to provide a sworn statement detailing his monthly expenses and the sources from which he derives the funds to pay such expenses. Upon receipt of this information, the Court will assess Reedom's ability to pay the costs of commencing this action. Failure to provide this information within forty-five (45) days of the date of this Order, or to pay the $350 filing fee, will result in the dismissal of this case.

The Court also takes this occasion to address its concerns over several of the complaint's deficiencies. Reedom filed this action against Sabra Crappell ("Crappell") and State Farm Mutual Automobile Insurance Company ("State Farm") (collectively "Defendants"). Crappell allegedly caused an automobile accident with Reedom's brother, Robert, which left Robert permanently disabled. Reedom further claims that Defendants exacerbated his brother's condition by not providing him with adequate health care. Crappell and Reedom's brother are both residents of New Iberia, Louisiana. Reedom is a resident of Fort Worth, Texas. The complaint lists Bloomington, Illinois as State Farm's address.

| ORDER |
|---|

First, the Court questions whether Reedom has standing to bring this suit. A plaintiff has standing if he can "show that he has suffered an injury in fact that is caused by the conduct complained of and that will be redressed by a favorable decision." *Camreta v. Greene*, 131 S. Ct. 2020, 2028 (2011), *quoting Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992) (internal quotation marks omitted). To satisfy the injury in fact requirement, a plaintiff "must establish that he has sustained or is immediately in danger of sustaining some direct injury." *Tobin for Governor v. Ill. Bd. of Elections*, 268 F.3d 517, 527-28 (7th Cir. 2001). The complaint does not indicate that Reedom has suffered a direct injury as a result of Defendants' conduct. State Farm and Crappell allegedly harmed Reedom's brother, not Reedom himself. If Reedom is suing on his own behalf, he must amend his complaint with allegations demonstrating that Defendants' conduct harmed him directly. If Reedom's brother were to sue, it is not apparent how the Court could exercise subject-matter jurisdiction over this case: this dispute does not implicate federal law, and Robert Reedom and Crappell are both residents of Louisiana, thus destroying complete diversity jurisdiction. *See* 28 U.S.C. § § 1331, 1332(a) (district courts have jurisdiction over cases between citizens of different States and the amount in controversy is at least $75,000). In any case, as pleaded, the complaint fails to pass muster.

Second, the complaint fails to demonstrate that venue is proper in the Northern District of Illinois. Venue is proper in (1) "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;" or (2) a judicial district in which a substantial part of the events underlying the lawsuit occurred. 28 U.S.C. § 1391(b). Section (b)(1) does not apply because neither defendant resides in this district. State Farm's address, is in Bloomington, Illinois, located in the Central District of Illinois. Nor does the complaint satisfy (b)(2): Reedom does not even hint that any of the events underlying his claim took place in the Northern District of Illinois.

In light of Reedom's *pro se* status, the Court will allow him to file an amended complaint addressing each of these concerns within forty-five (45) days of the date of this Order. Failure to do so will result in dismissal of the lawsuit.

Date: **August 9, 2012**

*[signature: Charles P. Kocoras]*

**CHARLES P. KOCORAS**
**U.S. District Judge**