# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 5521 | **DATE** | 12/3/2012 |
| **CASE TITLE** | Reedom vs. Crappell | | |

**DOCKET ENTRY TEXT**

We find that Reedom's appeal is not taken in good faith and deny his motion (Doc [9]) to appeal IFP. Reedom must either pay the appellate filing and docketing fees totaling $455.00 to the Clerk of the Court for this district, or reapply to the Seventh Circuit Court of Appeals within thirty days for leave to appeal IFP. If Reedom chooses to pursue the latter course, his application should conform with the requirements set forth in Federal Rule of Appellate Procedure 24(a)(5). The Court directs the Clerk of the U.S. District Court for the Northern District of Illinois to send notice of this Order to the parties and the Clerk of the U.S. Court of Appeals for the Seventh Circuit in accordance with Federal Rule of Appellate Procedure 24(a)(4).

■[ For further details see text below.]

Docketing to mail notices.

## ORDER

This matter comes before the Court on Plaintiff Marshall Reedom, Jr.'s ("Reedom") motion to appeal *in forma pauperis* ("IFP"). For the following reasons, the motion is denied.

On July 13, 2012, Reedom filed suit against Defendants Sara Crappell and State Farm Mutual Automobile Insurance Company for Reedom's brother as a result of a traffic accident. Dkt. 1. Reedom filed a motion to proceed IFP along with the complaint. Dkt. 3. In an Order dated August 9, 2012 (August 9th Order"), the Court denied Reedom's IFP motion for lack of adequate information regarding his indigence. *Id.* We also granted Reedom forty-five days to amend the complaint in order to cure glaring deficiencies with respect to standing, subject-matter jurisdiction, and proper venue. *Id.* We cautioned that failure to amend the complaint within that time period would result in dismissal. *Id.* Reedom failed to submit a revised IFP motion or an amended complaint within the allotted time period. As a result, the Court dismissed the lawsuit in an Order dated October 11, 2012. Dkt. 6. Reedom has subsequently filed a notice of appeal and an affidavit to appeal IFP.

A litigant may pursue an appeal IFP if he is unable to pay the costs of commencing the appeal. 28 U.S.C. 1915(a). A petition to appeal IFP must be made in good faith. Fed. R. App. P. 24(a)(3)(A); 28 U.S.C. § 1915(a)(3). "Good faith" means that a "reasonable person could suppose that the appeal has some merit." *Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000) (citation omitted).

Reedom has submitted no new information that address the Court's concerns expressed in the August 9th Order. Nor does he raise any arguments suggesting that dismissal of the complaint was improper. In light of the foregoing, we find that Reedom's appeal is not taken in good faith and deny his motion to appeal IFP. Reedom must either pay the appellate filing and docketing fees totaling $455.00 to the Clerk of the Court for this district, or reapply to the Seventh Circuit Court of Appeals within thirty days for leave to appeal IFP. If Reedom chooses

| **ORDER** |
|---|
| to pursue the latter course, his application should conform with the requirements set forth in Federal Rule of Appellate Procedure 24(a)(5).<br><br>    The Court directs the Clerk of the U.S. District Court for the Northern District of Illinois to send notice of this Order to the parties and the Clerk of the U.S. Court of Appeals for the Seventh Circuit in accordance with Federal Rule of Appellate Procedure 24(a)(4). |